UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-23946

CHARMAINE FLOYD,

     Plaintiff,

v.

FLORIDA DEPARTMENT OF
AGRICULTURE,
CONSUMER SERVICE DIVISION OF
LICENSING,

     Defendant.

_____/

**REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO
PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

**THIS CAUSE** is before the Court on *pro se* Plaintiff Charmaine Floyd's ("Plaintiff")

Motion for Leave to Proceed *in forma pauperis*. [ECF No. 3]. For the reasons set forth below, it is

**RECOMMENDED** that Plaintiff's Motion [ECF No. 3] be **DENIED** and Plaintiff's Complaint

[ECF No. 1] be **DISMISSED WITH PREJUDICE**.

In addition, upon the review of Plaintiff's history of meritless filings, many of which have

been dismissed for their frivolous nature (including by the undersigned), it is also

**RECOMMENDED** that Plaintiff be deemed a vexatious filer and that the District Court issue a

limited injunction restricting her future filings as further explained below.

**BACKGROUND**

On September 2, 2025, Plaintiff filed the instant action against the Florida Department of

Agriculture and Consumer Services, Division of Licensing ("Defendant"). [ECF No. 1]. Though

unclear, it appears that Plaintiff takes issue with Defendant denying her applications for a Class D

Security Officer License and a Class G Statewide Firearm License. *See* [*id.* at 10–12]. However, as discussed below, the court-form Complaint is plainly deficient and fails to state any claim or allege any viable basis for federal jurisdiction. *See generally* [*id.*]; *see also* Fed. R. Civ. P. 8(a).

Plaintiff is no stranger to this Court, having initiated approximately twenty actions within the last year. Each follow a similar pattern of legal and procedural deficiencies. The complaints uniformly lack coherent factual allegations, fail to articulate any cognizable theory of relief, and provide no plausible basis for the Court's jurisdiction. Plaintiff routinely names an array of unrelated defendants, including public officials, government agencies, and private individuals, without alleging any factual nexus among them or any conduct giving rise to a federal cause of action. Several prior cases have been dismissed for failure to comply with the Federal Rules of Civil Procedure, particularly Rule 8(a)'s requirement of a short and plain statement showing entitlement to relief. Despite repeated opportunities to amend, Plaintiff continues to file substantially identical pleadings that do not cure these deficiencies.

## STANDARD OF REVIEW

a.  Motions to Proceed *in forma Pauperis*

Under 28 U.S.C. § 1915, a litigant may seek to commence a civil action without prepayment of fees by submitting an affidavit which demonstrates that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Furthermore, the statute requires a federal court to dismiss a plaintiff's suit if the court determines that: (A) the allegation of poverty is untrue; or (B) the action or appeal (i) *is frivolous or malicious* or (ii) *fails to state a claim on which relief may be granted*. 28 U.S.C. § 1915(e)(2) (emphasis added). This screening process applies equally to non-prisoner *pro se* plaintiffs. *Fletcher v. President of Albert Einstein Med. Ctr.*, No. 15-24355-CIV, 2016 WL 11547296, at *1 (S.D. Fla. Feb. 10, 2016), *report and recommendation approved*, No. 15-24355-

CIV, 2016 WL 11547297 (S.D. Fla. Apr. 5, 2016) (citing *Boyington v. Geo Grp., Inc.*, No. 2:09-cv-570-FtM-29SPC, 2009 WL 3157642 *1 (M.D. Fla. 2009) (in turn citing *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (holding that 28 U.S.C. § 1915 dismissals apply to non-prisoners, even if fee assessment provisions do not)).

Under § 1915(e)(2)(B)(i), a court may find an action frivolous "if it is without arguable merit either in law or fact." *Fletcher*, 2016 WL 11547296, at *1 (citing *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002)). Dismissal is appropriate when a claim "is based on an indisputably meritless legal theory, or when it relies on factual allegations that are 'clearly baseless,' which includes allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Fletcher*, 2016 WL 11547296, at *1 (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (internal quotation marks omitted)). "'[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . .'" *Fletcher*, 2016 WL 11547296, at *1 (quoting *Denton*, 504 U.S. at 33). Therefore, "proceeding *in forma pauperis* is a privilege, not a right." *Emrit v. Saint Thomas Univ. Sch. of L.*, No. 22-cv-20835, 2022 WL 874089, at *2 (S.D. Fla. Mar. 24, 2022) (internal citation and quotation marks omitted).

Our courts are more lenient to *pro se* filings than those drafted by practicing attorneys. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But a court and its staff cannot serve as "*de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell*, 760 F.3d at 1168 (citation and quotation marks omitted).

b. Vexatious Litigant

A district court has the inherent authority "to protect itself against abuses by *pro se* litigants." *See Thomas v. Christina*, No. 22-cv-20498, 2022 WL 1100851, at *3 (S.D. Fla. Apr. 13, 2022)

3

(citing *Procup v. Strickland*, 792 F.2d 1069, 1073–74 (11th Cir. 1986)); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15 (11th Cir. 2002)). "Indeed, [t]he court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* "The right of access to the courts 'is neither absolute nor unconditional." *Miller v. Donald*, 541 F. 3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)). "A vexatious litigant does not have a First Amendment right to abuse official processes with baseless filings in order to harass someone to the point of distraction or capitulation." *Riccard*, 307 F.3d at 1298 (citing *Filipas v. Lemons*, 835 F.3d 1145, 1146 (6th Cir. 1987)).

A court may, therefore, fashion a limited injunction against a vexatious litigant, but in doing so, it may not "completely foreclose a litigant from any access to the courts." *Id.* (collecting cases). However, "[t]he traditional standards applicable to issuance of an injunction do not apply to the issuance of an injunction against a vexatious litigant." *Lustig v. Stone*, No. 15-cv-20150, 2020 WL 3469719, at *10 (S.D. Fla. June 25, 2020) (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100-01 (11th Cir. 2004)). Rather, "[a] history of litigation entailing 'vexation, harassment and needless burden on the courts and their supporting personnel' is enough" for the entry of a limited injunction. *Id.* (quoting *Ray v. Lowder*, No. 02-CV-316-OC-10GRJ, 2003 WL 22384806, at *2 (M.D. Fla. Aug. 29, 2003)). And when entering such an injunction, courts have routinely "restrict[ed] a vexatious litigant from filing anything without prior approval from the Court." *Lustig*, 2020 WL 3469719 at *22. This particular sanction "has been previously imposed on vexatious litigants in this district." *Thomas*, 2022 WL 1100851 at *3 (citing *SEC v. Imperato*, No. 12-CV-80021-RNS, 2020 WL 5264515, at *1 (S.D. Fla. June 30, 2020); *Ruha v. City of Palm*

*Beach Gardens et al.*, No. 19-CV-80681, [ECF No. 93] (S.D. Fla. July 1, 2020); *Aiken v. Crews, et al.*, No. 14-CV-62487, [ECF No. 6] (S.D. Fla. Feb. 20, 2015)).

## I.   **DISCUSSION**

A. *Plaintiff's Complaint Fails to State a Claim.*

While Plaintiff would qualify to proceed *in forma pauperis* based on her income, *see* [ECF No. 3 at 2], her case is due to be dismissed for failing to state *anything* in her Complaint, *see generally* [ECF No. 1].

As filed, the Complaint does not contain a single factual allegation describing conduct by Defendant, nor does it identify any federal statute or constitutional provision purportedly violated. *See* [*id.*]. Indeed, the twenty-page complaint simply provides Plaintiff's contact information, a collection of documents from the Florida Department of Agriculture, and indecipherable handwritten notes from Plaintiff. *See generally* [ECF No. 1]. Like many of Plaintiff's other cases filed in this District, she writes nothing as to her statement of claim nor basis for relief. *See* [*id.* at 3–4]. This complete inability to present a Complaint with allegations, causes of actions, or relief sought requires the Court to dismiss her case *sua sponte*. *See* 28 U.S.C.§ 1915(e)(2); *see also* Fed. R. Civ. 8(a), 10 (listing requirements for pleadings and form of pleadings); *Rodriguez v. U.S. Dep't of Treasury*, No. 1:21-CV-21379-JEM, 2021 WL 7542991, at *2 (S.D. Fla. June 1, 2021), *report and recommendation adopted*, No. 21-21379-CIV, 2021 WL 7542992 (S.D. Fla. July 1, 2021) (dismissing complaint that did not "include sufficient factual matter . . . to allow the Court to reasonably infer what the claim or claims for relief against Defendant may be.") (citing *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984)).

When a complaint is dismissed as deficient, a *pro se* plaintiff must generally be given one chance to amend her complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003). However, further opportunities to amend may be denied when amendment would be futile. *See Cornelius v. Bank of America, N.A.*, 585 F. App'x. 996, 1000 (11th Cir. 2014) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)); *see also Bey v. Stuart*, No. 8:21-CV-940-TPB-AAS, 2021 WL 3109794 (M.D. Fla. July 22, 2021) (denying opportunity to amend where complaint was "wholly insubstantial, unintelligible and frivolous" and therefore amendment would be futile) (internal quotes and citations omitted). As stated by the Eleventh Circuit:

> [although] the court "should freely give leave when justice so requires" [under Fed.R.Civ.P. 15(a)(2)] . . . justice does not require district courts to waste their time on hopeless cases, [and] leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (describing "futility" as a basis for denying leave).

*Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1255 (11th Cir. 2008). As discussed below, given Plaintiff's extensive history of filing similar meritless and unintelligible complaints in this District, and her repeated failure to cure these deficiencies in prior cases, the undersigned finds that amendment here would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Symonette v. Aurora Loan Servs.*, LLC, No. 1: 13-CV-24142-PCH, 2014 WL 11380946, at *1 (S.D. Fla. July 1, 2014), *aff'd*, 631 F. App'x 776 (11th Cir. 2015) ("In view of the Plaintiffs' history of abusive litigation tactics, the apparent lack of validity to any of Plaintiffs' claims and the interest of justice the Court finds that granting Plaintiffs leave to amend is not justified.").

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 3] be **DENIED** and Plaintiff's Complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**.

B. *Plaintiff's History as Vexatious Litigant.*

This year, Plaintiff has become a prolific filer in the Southern District of Florida. By the undersigned's count, Plaintiff has filed approximately twenty cases in the last eight months; most have been dismissed, with the ones currently pending containing similar defects.  Each filing follows the same pattern: Plaintiff files a motion to proceed *in forma pauperis* and a barebones complaint devoid of factual allegations, legal theories, or any request for relief. The Court grants/denies IFP but requires Plaintiff to file an amended complaint to fix such deficiencies and state a claim. Plaintiff fails to do so by the required deadline, and the Court dismisses the case. Plaintiff then files a new, meritless case, and the process repeats itself.

Starting on April 28, 2025, Plaintiff initiated a series of lawsuits in this District, each time asserting no discernable cause of action. The first, filed against Defendants Jerry Black, Jerry Jackson, Beyonce Knowles, Ignacio Torres, and Teresa Turk[1] was dismissed without prejudice by the Honorable Roy K. Altman on July 8, 2025. *See* Order Dismissing Case, *Floyd v. Black*, *et al.*, 25-cv-21907-RKA, [ECF No. 15] (S.D. Fla. filed Apr. 28, 2025). As stated by Judge Altman, Plaintiff's filings are "just illegible compilations of nonsensical word salad." *See* Order Adopting R. & R., *id.*, [ECF No. 14 at 2] (S.D. Fla. filed Jul. 8, 2025).

On May 9, 2025, Plaintiff filed yet another Complaint, this time against Defendants Sylvia Allens and Henry Floyd, again consisting of incomprehensible handwritten allegations. *See*

---

[1] Though styled as "Terskea" Turk on the docket, later filings indicate Defendant's name is actually Teresa.

Compl., *Floyd v. Floyd, et al.*, No. 25-cv-22169-LMR, [ECF No. 1] (S.D. Fla. filed May 9, 2025).

The Court dismissed the Complaint without prejudice, granted leave to amend, and, when Plaintiff

failed to comply, closed the case. *See* Order Dismissing Case, *id.*, [ECF No. 5] (S.D. Fla. filed

June 9, 2025). That same day, Plaintiff brought a separate action against Defendant Sylvia

Schwarzengger. *See* Compl., *Floyd v. Schwarzengger*, No. 25-cv-22156-EFD, [ECF No. 1] (S.D.

Fla. filed May 9, 2025). Again, though Plaintiff's Complaint was described as "handwritten and

illegible," Plaintiff was afforded over a month to amend but failed to do so, resulting in dismissal.

*See id.*, [ECF Nos. 5, 8, 9].

      She continued filing on June 5, 2025, when she filed two new actions: one against

Defendant Timothy Terry and one again against Sylvia Allens. *See Floyd v. Terry*, No. 25-cv-

22568-EFD (S.D. Fla. filed June 5, 2025); *Floyd v. Allens*, No. 25-cv-22569-EIS (S.D. Fla filed

June 5, 2025). The Terry action was dismissed after Plaintiff again failed to include any factual

allegations in her complaint and failed to file an Amended Complaint within the allotted time. *See*

Order Dismissing Case, *Floyd v. Terry*, No. 25-cv-22568-EFD, [ECF No. 8] (S.D. Fla filed Aug.

22, 2025). The second Allens action remains pending but appears to suffer from the same defects.

*See* Compl., *Floyd v. Allens*, 25-cv-22569-EIS, [ECF No. 1] (S.D. Fla. filed June 5, 2025). On

June 13, 2025, Plaintiff filed a Complaint against Defendant Arnold Schwarzenegger. *See* Compl.,

*Floyd v. Schwarzenegger*, No. 25-cv-22698-EAL, [ECF No. 1] (S.D. Fla. filed June 13, 2025).

The Complaint again appears to contain no factual allegations. *Id.* Further, Plaintiff soon littered

the docket with irrelevant filings, including copies of her birth certificate and receipts from fast-

food restaurants. *See id.*, [ECF Nos. 5–22].

      Five days later, on June 18, 2025, Plaintiff filed a Complaint against Defendant Florida

Department of Agriculture for Violation of Civil Rights. *See* Compl., *Floyd v. Dept. of Agric.*, No.

25-cv-22756-BB, [ECF No. 1] (S.D. Fla. filed June 18, 2025). After failing to pay the filing fee or proceed via *in forma pauperis*, the case was dismissed. *See id.*, [ECF No. 8]. On July 14, 2025, Plaintiff filed a new Complaint against Defendant Betty Hobson. *See* Compl, *Floyd v. Hobson*, No. 25-cv-23138-RAR, [ECF No. 1] (S.D. Fla. filed July 14, 2025). Although the Complaint listed "federal question" as the basis for jurisdiction, Plaintiff left the section for jurisdictional grounds, statement of claim, and requested relief entirely blank. *See generally id.* For this reason, Magistrate Judge Elfenbein recommended the complaint be dismissed for failure to state a claim, and District Judge Ruiz adopted the same and dismissed the case. *See id.*, [ECF Nos. 8, 9]. Simultaneously, Plaintiff filed a Complaint against Defendant Fredrika Wilson; the Complaint appears to follow the same pattern as her previous filings, containing no factual allegations and indecipherable handwritten notes. *See* Compl., *Floyd v. Wilson*, No. 25-cv-23137-EGT, [ECF No. 1] (S.D. Fla. filed July 15, 2025).

Later, on July 31, 2025, Plaintiff filed her third complaint against Sylvia Allens, which again failed to state a claim and did "not contain any factual allegations . . .[or] demand any relief." *See* Order Requiring Am. Compl., *Floyd v. Allens*, No. 25-cv-23448-LFL, [ECF No. 5 at 2], (S.D. Fla. filed Aug. 4, 2025). Also on July 31, Plaintiff filed her second Complaint against Beyonce Knowles, which was dismissed on September 30, 2025, for all the previous reasons. *See* Order Dismissing Compl. *Floyd. v. Knowles*, No. 25-cv-23449-EFD, [ECF No. 7 at 1] (S.D. Fla. filed Sep. 30, 2025) (noting Plaintiff failed to comply with multiple orders to file an amended complaint and that "it is unclear what Plaintiff is attempting to assert in this action.") (internal citation and quotes omitted).

On August 4, 2025, Plaintiff filed a slew of new Complaints. First, she filed her second Complaint against Betty Hobson, which was subsequently dismissed on August 20, 2025. *See* R.

& R. Den. IFP and Dismissing Case, *Floyd v. Hobson*, No. 25-cv-23492-JEM, [ECF No. 4] (S.D. Fla filed Aug. 5, 2025) (recommending dismissal where Plaintiff wrote nothing in her complaint other than her contact information and signature); Order Dismissing Case, *id.*, [ECF No. 7] (S.D. Fla. filed Aug. 20, 2025). Next, Plaintiff filed a Complaint against Defendant Richard Sheppard, where on December 4, 2025, Magistrate Judge Torres ordered her to submit an Amended Complaint due to many deficiencies in the original pleading. *See* Order Den. IFP, *Floyd v. Sheppard*, No. 25-cv-23493-EGT, [ECF No. 5] (S.D. Fla. filed Dec. 4, 2025). Third, Plaintiff filed her second Complaint against Ignacio Torres; the Court closed that action the next day for Plaintiff's failure to comply with Rule 8 and failure to state a claim, request relief, or detail any substantive information about the case. *See* Order Striking, *Floyd v. Torres*, No. 25-cv-23491-EAL, [ECF No. 4] (S.D. Fla. filed Aug. 5, 2025). Plaintiff also filed her second Complaint against Teresa Turk and was subsequently dismissed because she failed to amend her complaint by the required deadline. *See Floyd v. Turk*, No. 25-cv-23490-LMR, [ECF Nos. 1, 5, 6] (S.D. Fla.).

Days later, on August 8, 2025, Defendant filed a new Complaint against Jerry Black and Jerry Jackson, which was dismissed, again. *See* Order Den. IFP, *Floyd v. Jackson, et al.*, No. 25-cv-23569-LMR, [ECF No. 7] (S.D. Fla. filed Sep. 18, 2025) ("[Plaintiff's] case is due to be dismissed for failing to state *anything* in her Complaint."); Order Dismissing Case, *id.*, [ECF No. 8] (S.D. Fla. filed Oct. 22, 2025). On August 14, 2025, Plaintiff filed two more cases. The first being yet another Complaint against Beyonce Knowles which was ultimately dismissed after Plaintiff failed to file an Amended Complaint. *See Floyd v. Knowles*, No. 25-cv-23657-LMR, [ECF Nos. 1, 7, 8] (S.D. Fla.). And a second case, filed against the Florida Department of Law Enforcement, which again appears to contain no factual allegations in the Complaint. *See* Compl.,

*Floyd v. Fla. Dept. of Law Enforcement*, No. 25-cv-23658-EAL, [ECF No. 1] (S.D. Fla. filed Aug. 14, 2025).

The instant action is just the latest in Plaintiff's attempt of filing patently frivolous lawsuits. Plaintiff's litigation history in this District demonstrates a clear and escalating pattern of abusing the judicial process. The Court has repeatedly dismissed her complaints for failure to comply with the Federal Rules of Civil Procedure, yet Plaintiff continues to file substantially identical deficient pleadings. Indeed, Plaintiff has been previously warned by the undersigned that she risks becoming a restricted filer if she continues this pattern. *See* Order Den. IFP, *Floyd v. Turk*, 25-cv-23490-LMR, [ECF No. 5 at 4–5] (S.D. Fla. filed Aug. 22, 2025).

Plaintiff does not have an unconditional or absolute right of access to the courts, *Miller*, 541 F. 3d at 1096, and she "does not have a First Amendment right to abuse official processes with baseless filings," *Riccard*, 307 F.3d at 1298. Because Plaintiff has abused the process, the undersigned recommends that she be deemed a vexatious filer and that a limited injunction be entered against her as set forth below. Such restriction would preserve the Court's scarce resources while maintaining Plaintiff's access to the courts for non-frivolous actions. See Order Den. IFP, *King v. New Life Plastic Surgery*, No. 23-cv-23523-RKA, [ECF No. 4] (S.D. Fla. Sept. 25, 2023); *see also Smith v. Rosado*, No. 24-CV-24339-RAR, 2024 WL 4732706, at *6 (S.D. Fla. Nov. 11, 2024) ("When a *pro se* litigant's repeated filing of frivolous lawsuits encroaches 'on the judicial machinery needed by others' the *pro se* litigant may be 'severely restricted as to what he may file and how he must behave in his applications for judicial relief[.]'") (quoting *Procup*, 792 F.2d at 1074).

## II.    CONCLUSION

Accordingly, the undersigned **RECOMMENDS** as follows:

11

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, [ECF No. 3], be **DENIED**.

2. Plaintiff's Complaint, [ECF No. 1], be **DISMISSED WITH PREJUDICE**.

3. The District Court designate Plaintiff a vexatious litigant and issue a limited injunction restricting Plaintiff from filing any further motion, pleading, or other paper in this action, or from filing another lawsuit in this District without prior approval from the Court or unless it is accompanied by payment of a filing fee, a sworn oath indicating imminent danger of serious personal injury, or representation by an attorney admitted to the bar of this Court.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except on grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**SIGNED** this 10th day of December 2025.

_____

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: Plaintiff, *pro se*.

12